NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF THE CLEARWATER; ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JEANNE M. HIGGINS, Idaho Panhandle National Forest Supervisor; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> STIMSON LUMBER COMPANY, <br><br> Intervenor-Plaintiff-Appellee. | No.   20-35623 <br><br> D.C. No. 2:20-cv-00243-BLW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted February 4, 2021**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Plaintiffs-Appellants Friends of the Clearwater and Alliance for the Wild Rockies ("FOTC") appeal the district court's denial of their motion for a preliminary injunction to prevent timber harvest and road construction by Federal Defendants-Appellees ("USFS") and Intervenor-Appellee Stimson Lumber Company in the Brebner Flat Project ("Project") in Shoshone County, Idaho. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the "district court's denial of a preliminary injunction for abuse of discretion." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). We affirm.[1]

**1.** FOTC raises two arguments in support of their claim under the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(c)(1). Neither is persuasive.

First, FOTC contends that the district court erred by requiring a showing of likely harm to the *species of grizzly bear*, rather than harm only to the *interests of FOTC's members*. Not so. Plaintiffs who seek to enjoin a violation of the ESA must show a "definitive threat of future harm to protected species." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.,* 886 F.3d 803, 818–19 (9th Cir. 2018) (internal quotation marks omitted). Harm to FOTC's members' interests can suffice, but only if they "adequately show[] harm to themselves *as a result of harm*

---

[1] The parties agree that FOTC's ESA claim regarding the Canada lynx is moot. Thus, we need not address it.

*to listed [endangered species].*" *Id.* at 820 (emphasis added).

Second, FOTC argues that the district court clearly erred in finding that they failed to present sufficient evidence of irreparable harm to grizzly bears. As support for this argument, FOTC relies on the same record evidence that the district court characterized as "general allegations," too "speculative" to show a definitive future threat to grizzly bears. FOTC does not identify any record evidence that undermines the district court's finding that FOTC failed to show a definitive threat to grizzly bears because "no bears have ever been identified in the project area, there is no known bear population in the St. Joe Ranger District, and the project area is not in critical bear habitat." Thus, the district court did not clearly err in finding that FOTC failed to establish that grizzly bears are likely to be irreparably harmed.

**2.** FOTC argues that the district court erred by failing to analyze adequately (a) the cumulative effects of the Project on elk, and (b) the efficacy of the chosen mitigation measures for elk. We disagree.

**(a)** FOTC contends that USFS was required to disclose in the Environmental Assessment ("EA") historical declines in the elk population in the project area due to past activities such as logging and road building. However, USFS was not required to engage in such a fine-grained analysis of all historical details of past actions. The relevant National Environmental Policy Act ("NEPA") regulations

3

allow for an aggregate method of analyzing cumulative impacts. 36 C.F.R. § 220.4(f) (providing that cumulative effects analyses need not "catalogue or exhaustively list and analyze all individual past actions"); *see also Cascadia Wildlands v. BIA*, 801 F.3d 1105, 1111–13 (9th Cir. 2015). We agree with the district court that USFS's proposal to increase cumulative elk security beyond *baseline levels* was reasonable and therefore was not an abuse of discretion.

**(b)** The district court concluded that USFS's plan to implement a seasonal closure of an ATV trail with signage, gates, and gate monitoring to increase the elk security habitat was reasonable. FOTC's only substantive argument to the contrary relies on a spreadsheet purporting to show a USFS survey of its gate closures, indicating a high failure rate. The spreadsheet, however, was never presented to the district court, and therefore provides no basis for FOTC's argument. *See* 9th Cir. R. 10-2.

**3.** Finally, FOTC argues that the misstatement in the EA that the "project area . . . does not include . . . the [St. Joe] [W]ild and [S]cenic [R]iver corridor" constituted a "failure to fully inform the public," that deprived the public of an opportunity to "offer meaningful comments" on the agency's analyses in violation of NEPA.

The district court weighed the effect of the agency's misstatement on public participation and concluded that the EA's single sentence incorrectly stating the

scope of the Project did not so drastically undermine public participation as to render the USFS's action unlawful. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1090–91 (9th Cir. 2014). We agree.

4. Because the district court did not err in its assessment of FOTC's likelihood of success on the merits of their NEPA claims and irreparable harm on their ESA claim, we need not address the remaining *Winter* factors for each of FOTC's claims. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958, 966 (9th Cir. 2014) (discussing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

**AFFIRMED.**